This is a termination of parental rights case.
Following an ore tenus hearing, the trial court ordered the permanent termination of all parental rights of the mother and father of Blanche Viola Alfo, age fourteen months. Permanent legal custody of the child was vested in the Alabama Department of Human Resources (Department).
Only the mother appeals. We reverse and remand.
The right to maintain family integrity is a fundamental right which is protected by the due process requirements of the United States Constitution. In the Matter of Moore,470 So.2d 1269 (Ala.Civ.App. 1985). A parent thus has a prima facie
right to the custody of his or her child. Moore, 470 So.2d at 1270.
The parent's prima facie right to custody can only be overcome by clear and convincing evidence that the best interests of the child would be served by permanent removal from the parent's custody. Haag v. Cherokee County Departmentof Pensions Security, 489 So.2d 586 (Ala.Civ.App. 1986). The primary consideration is always the best interests of the child in a proceeding to terminate parental rights.
Based upon these principles of law, we find that reversal is mandated in this case. In so concluding, we are mindful of the fact that because the evidence was presented to the trial courtore tenus, its decision is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong. Haag, 489 So.2d 586. We reverse in this case because there was a lack of clear and convincing evidence before the trial court to terminate parental rights.
The record in pertinent part reveals the following:
The child was taken from the mother when she was only seventeen days old due to a report that the mother was improperly handling the infant. During the time the child was in foster care, the mother visited the child each week. Further, the mother attended and completed several parenting classes in order to regain custody of her daughter. The testimony indicates that the mother has been consistent in expressing love for her child and has made continuing efforts within her means to secure the return of her child. The Department has never allowed a trial return of the child to the mother.
Also, the evidence is that the mother attends church regularly and is involved in various church activities. She regularly helps in the nursery with other children and has been described by fellow church members as loving and compassionate. Further, the testimony was that she took constructive criticism well and has improved remarkably over the past year.
A clinical psychologist examined the mother and testified that she was borderline mentally retarded and somewhat eccentric. However, he also stated that she did not have symptoms of any serious psychiatric conditions and has no disorder that would lead to the conclusion that she would not be a fit mother.
The social worker for the Department acknowledged that the mother loves her daughter and has tried to improve herself to the best of her ability. Further, the child's guardian ad litem
opined that the best interests of the child would be better served by placing her back into the custody of the mother.
We emphasize the fact that this is not a case of child abuse or neglect. In fact, the mother has only had custody of the child for seventeen days. The Department then became involved with the case based upon a report that the mother was not "handling" the child properly.
There was evidence that the mother displayed inappropriate behavior in child care practices. There was testimony that the mother had the child in an uncovered stroller once in the rain and another time in the *Page 124 
heat of the day. A letter from the child's uncle stated that the mother slapped the child for crying when she was only two weeks old. Further, the social worker described the mother's housekeeping as very poor.
The social worker also testified that while the child was in foster care, the mother had to be told continuously to wash her hands before feeding the child. Further, the mother's feeding and diapering of the child were described as "awful." The testimony was that the mother would become frustrated with the baby, start talking very loud, and order the child around as if she were a pet.
This evidence is somewhat diminished in importance because, as indicated, the mother has made progress in trying to improve herself. During the time the child was in foster care, the mother would visit each week as permitted by the Department and has made every effort to rehabilitate herself. Further, a nurse/social worker and various fellow church members have offered to provide regular assistance and supervision to the mother if she is allowed to regain custody of her child. They also stated that they would report any problems to the court without hesitation.
The evidence might support a conclusion that the mother does not possess an abundance of parenting skills. Nevertheless, based upon all of the evidence, it is this court's determination that the trial court erred to reversal in terminating the mother's parental rights. Termination of a parent's rights in a child is an extremely drastic measure, and once done we know of no means of reinstating these rights.
It could be concluded that the best interests of this child, and a less drastic alternative, would be to return the child to the mother — at least on a supervised trial basis, Buckhalterv. Department of Pensions Security, 484 So.2d 1119
(Ala.Civ.App. 1986), or with some form of temporary custody in the Department coupled with contact between the mother and the child. In any event, the learned trial judge should make his decision as to the child's disposition after further appropriate proceedings.
We decide only that because of the availability of viable, less drastic alternatives, the evidence at this time does not rise to a level of being so clear and convincing as to support terminating the parental rights of the mother, such action being the last and most extreme disposition permitted by statute. Ala. Code (1975), § 12-15-71(a)(6) (1986 Repl. Vol.).
In view of the above, this case is due to be reversed and the cause remanded to the trial court for proceedings not inconsistent herewith.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.