The District Court of Morgan County, following an ore tenus hearing, ordered the permanent termination of all parental rights of the mother, Patricia Roden Bowman, in her five-year-old daughter, Bettina Renee Roden. The parental rights of Bettina's legal and putative fathers were also terminated. Permanent legal custody was vested in the State Department of Human Resources (Department). Only the mother appeals.
The mother raises several issues on appeal, most of which question, in essence, the existence of clear and convincing evidence to support the trial court's decision to terminate her parental rights.
The right to maintain family integrity is a fundamental right protected by the due process requirements of the Constitution. Hamilton v. State, 410 So.2d 64
(Ala.Civ.App. 1982), citing May v. Anderson,345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953). Pursuant to this right, Alabama courts recognize a presumption that parental custody will be in the best interests of a child. In reHickman, 489 So.2d 601 (Ala.Civ.App. 1986). This prima facie right of a parent to custody of his or her child can only be overcome by clear and convincing evidence that permanent removal from the parent's custody would be in the child's best interests, but the primary consideration in any proceeding to terminate parental rights is always the best interests and welfare of the child. Wishinsky v. State ofAlabama Department of Human Resources, 512 So.2d 122
(Ala.Civ.App. 1987). In making that determination, the court must consider whether the parent is physically, financially, and mentally able to care for the child.Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App. 1984). If the court finds from clear and convincing evidence that the parent is unable or unwilling to discharge his or her responsibilities to and for the child, his or her parental rights can then be terminated, pursuant to §26-18-7(a), Ala. Code 1975 (1986 Repl. Vol.). Benton v.State Department of Human Resources, 515 So.2d 1263
(Ala.Civ.App. 1987).
Keeping the foregoing in mind, the trial court must apply a two-prong test when it considers whether to terminate an individual's parental rights. Wilson v. State Departmentof Human Resources, 527 So.2d 1322 (Ala.Civ.App. 1988). First, the court must establish that the child is dependent, based upon clear and convincing legal evidence. § 12-15-65(e), Ala. Code 1975 (1986 Repl.Vol.). The court must next determine whether all viable alternatives to termination have been considered. Wilson, supra.
The Department became actively involved with this family in 1984. Bettina has been in foster care intermittently since then, having been placed with an aunt briefly and returned to the mother from November 1985 to February 1986, when the child was picked up because the mother's utilities had been disconnected. The mother admits that her instability rendered her unable to adequately care for Bettina at times during those years. Although the Department's petition for permanent custody was not filed until April 1987, the decision to terminate the mother's parental rights was made in July 1986. During the 14 months that ensued, the Department's only contact with the mother occurred during her monthly visits with Bettina; consequently, at the time of the hearing, the Department knew very little about the mother's present living conditions and employment. The testimony reflects that the Department had "reached a decision in this case a long time ago," and that any interim efforts by the mother to improve were futile. The following testimony by a social worker illustrates:
 "Q. [I]f those things [the mother's having an adequate home and job] were true, would that change your mind?
"A. Not at this stage, not on this date, no. *Page 306 
 "Q. So, there is nothing that this woman could do today that would change your mind?
"A. No, sir, not today.
 "Q. Presently, then, what she is presently doing is irrelevant, it is all based on the past, isn't that correct?
"A. The past up until today, yes.
 "Q. So, even if today she were to change and manifest undeniably before this Court, a change of lifestyle, that wouldn't change y'all's position any?
"A. No, sir, not now."
We agree that the record in this case indicates that the mother's lifestyle and employment history were unstable in that she moved repeatedly and had difficulty keeping a job. There is evidence of a turbulent second marriage. But the record also reveals a mother and child who love each other. The mother has visited with her daughter as often as the Department has allowed her to do so. Bettina still knows and refers to Mrs. Bowman as her mother and wants to "go home" with her, despite over two years of foster care. The mother's home, when reviewed, was described as adequate. The only testimony regarding possible abuse of Bettina was an unsubstantiated allegation of sexual abuse by Mrs. Bowman's husband, from whom she had separated at the time of the hearing. There was no evidence of neglect other than the mother's inability to buy food and pay utility bills at times due to her lack of stable employment.
We also note that the mother has custody of a second child, a three-year-old boy, and that the Department apparently feels that she is able to adequately care and provide for him. Further, at the time of the hearing, she had lived in the same apartment complex for seven months and had a job.
It is clear that the primary basis for the Department's petition was the mother's lack of financial resources, and that its actions were taken even though there was no competent evidence of abuse or neglect. It is also clear that the decision to separate the child from the mother, once made, was never seriously reviewed again, despite the lapse of time before the hearing.
This court has held that evidence of current conditions or conduct relating to a parent's ability or willingness to care for his or her children is implicit in the requirement that termination of parental rights be based on clear and convincing evidence. Wilson, supra (Holmes, J., concurring specially); Hamilton, supra. Further, the Department must present evidence of recent attempts to locate viable alternatives in order to establish that termination of parental rights is the least drastic alternative. Wilson,supra. No such evidence was forthcoming in the instant case.
Based upon the foregoing, we find that reversal is mandated here. We are mindful of the fact that evidence was presented to the trial court ore tenus, and, therefore, its decision is presumed to be correct and will not be set aside by this court unless it is plainly and palpably wrong. Haag v.Cherokee County Department of Pensions Security,489 So.2d 586 (Ala.Civ.App. 1986). We believe, however, that the evidence at this time is not sufficiently clear and convincing to support the last and most extreme disposition permitted by law, the termination of the parental rights of this mother. § 12-15-71(a)(6), Ala. Code 1975 (1986 Repl. Vol.); Wishinsky, supra. Even if evidence regarding the mother's instability is sufficient to establish that the child is dependent, we nevertheless are not satisfied that the evidence is clear and convincing that all viable alternatives to termination have been exhausted.
We stated in the Hickman case, supra, that "[p]overty . . . of a mother, in the absence of abuse or lack of caring, should not be the criteria for taking away a wanted child from the parents." 489 So.2d at 602-03. The failure of this mother to bring her standard of living up to the level established by the Department, without more, is insufficient to warrant the termination of her basic constitutional rights as a parent, especially in light of her custody of her son without objection from the Department, the lack of recent observation of her circumstances, *Page 307 
and her obvious desire to be reunited with her daughter.
This court fully recognizes the difficulty of cases such as this, and our decision does not reflect upon the trial judge or the Department personnel, all of whom conscientiously fulfilled their responsibilities here. Termination of a parent's rights in a child is an extremely drastic measure, however, and once done, we know of no means by which those rights can be reinstated. Wishinsky, supra.
In view of the above, other issues raised by the mother are pretermitted.
This case is reversed and the cause remanded to the trial court for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.