ROBERTSON, Judge.
This is a termination of parental rights case.
Following an ore terms hearing, the Juvenile Court of Russell County found Blanche Viola Alfo to be a dependent child, and ordered that the parental rights of Iris Leona Wishinsky Alfo and Michael William Alfo (parents) to the child be terminated. Permanent custody of the child, now approximately three and one-half years of age, was placed with the Alabama Department of Human Resources (Department) for permanent placement.
The parents appeal. We affirm.
The dispositive issue on appeal is whether there exists clear and convincing evidence which supports the trial court’s decision to terminate parental rights.
When this child was fourteen months old, the trial court, after an ore terms hearing, ordered permanent termination of all parental rights of the mother and father of this child. At that time, the parents were not married and only the mother appealed. See Wishinsky v. State Department of Human Resources, 512 So.2d 122 (Ala.Civ. App.1987). In reversing that case, this court held that the evidence did not rise to a level of being so clear and convincing as to support terminating the parental rights of the mother. We note that the father’s parental rights were previously terminated, that he did not appeal, and that Wishinsky reversed as to the mother only. It would appear that he has no standing in this matter; however, that issue was neither raised at trial nor on appeal, and in view of our affirmance, we will not address it here.
In deciding Wishinsky, this court considered that the child was taken from the mother when she was only seventeen days old; that the Department never allowed a trial return, of the child to the mother; that the mother attended church regularly, was involved in church activities and helped in the nursery; and that the child’s guardian ad litem recommended that the child be placed back into the custody of the mother.
While the Wishinsky appeal was pending, Ms. Wishinsky moved to North Carolina where, at some time, she and the father, Mr. Alfo, got married. From there the Alfo’s went to live in New York City, until they learned the case had been reversed, and then returned to Columbus, Georgia.
After the reversal, the Department continued to work with the Alfo family.
Caseworkers and counselors, from the appropriate social service departments in Georgia and Alabama, worked in cooperation, through the Interstate Compact, to provide support services in the areas of hygiene, homemaking, parenting skills, housing and budgeting, in hopes of teaching the Alfós how to become self-sufficient. Testimony by a child welfare worker indicates that the Alfós are “totally dependent on assistance from others.” Also, personal hygiene continued to be a problem.
The record reflects that Mr. Alfo has not been employed in several years, which the Alfós contend is due to the fact they have no telephone, and that the mother is unemployable. The family’s only income is the mother’s Social Security, her disability check due to borderline mental retardation, and food stamps.
The child was placed back in the home on a temporary basis. Testimony presented indicates that the child’s behavior regressed during that time.
Also, the record reveals evidence of domestic violence, where Mr. Alfo hit the mother and kicked in the bedroom door, while the child was in her parent’s care. *494 Due to this domestic violence in the home, it was determined that it was not possible to ensure the child’s safety; therefore, necessitating her removal from the home.
Testimony reveals that Mr. Alfo has an antisocial personality disorder which will manifest itself when the needs of his spouse and the child conflict with his own.
Testimony shows that the child has some health problems, including possible epileptic seizures, which require quick thinking and action. Mrs. Alfo testified that she thought she could learn to do what she needed to do for the child and described herself as a slow learner, instead of being borderline mentally retarded. However, other testimony indicates that even with counseling the parents are not competent to deal, or cope, on a day-to-day basis with raising a child.
The natural parents have a prima facie right to the custody of their child, Fitzgerald v. Fitzgerald, 490 So.2d 4 (Ala. Civ.App.1986), which can be overcome only by clear and convincing evidence that the best interests of the child will be served by being permanently removed from parental custody. Johnson v. State, 485 So.2d 1185 (Ala.Civ.App.1986).
Under § 26-18-7(a)(6), Ala.Code 1975, there are several factors which the court shall consider, but to which it is not limited, in determining whether or not parents are unwilling or unable to discharge their responsibilities to and for the child. One of these factors is that reasonable efforts by the Department, leading toward the rehabilitation of the parents, have failed. Here, the record is clear that the Department worked with both parents in their effort to regain custody. The record is replete with evidence that the Department counseled and assisted the Alfós in an effort to aid them in becoming more self-sufficient. However, the record indicates that these attempts to rehabilitate them have failed, and that their lifestyle remains one of instability and conflict.
At the conclusion of the hearing, the child’s guardian ad litem recommended to the court that parental rights be terminated.
The record is also clear that the Department has no other less drastic alternative than to seek termination of parental rights. The evidence reveals that foster care, therapy, and social services were all provided as an initial alternative to termination of parental rights.
In view of the above, we find that there was clear and convincing evidence to support the trial court’s decision to terminate parental rights and that said termination would be in the best interest of the child.
This case is due to be affirmed.
AFFIRMED.
INGRAM, J., concurs.
HOLMES, P.J., not sitting.