PER CURIAM.
In June 1992, the Franklin County Department of Human Resources (DHR) filed a petition in juvenile court, alleging the dependency of M.D.A., a female, who was almost sixteen years old. DHR’s petition stated that the agency had received a report of alleged sexual abuse of the minor child by the stepfather.
The trial court placed temporary physical custody of the minor child with DHR. The mother, D.F., filed a petition on October 22, 1992, requesting that custody of the child be returned to her. Following an ore tenus proceeding, the trial court awarded legal custody of the minor child to DHR, with physical custody in “licensed placement.” It also ordered that the mother attend the Non-Offending Parents Group at the National Children’s Advocacy Center in Huntsville, Alabama.
The mother appeals, contending that the trial court erred in granting custody to DHR and in directing her to attend the Non-Offending Parents Group. The mother argues that the trial court’s judgment is so unsupported by the evidence as to be plainly and palpably wrong.
The record reflects that the minor child, who was sixteen years old at the time of the hearing, did not testify and that no physical examination was conducted. The only witnesses who testified that any abuse occurred based their testimony on what the child allegedly told them, and their testimony conflicted as to what they had been told. One version had the fourteen-year-old sister participating. The sister, however, testified and denied that any of the alleged acts had occurred. The mother testified that she believed the sister and that she did not believe any abuse had occurred. The record reflects that the stepfather is an over-the-road truck driver and has volunteered to remove himself from the household in order to reunite the family.
When evidence is presented ore ten-us, the trial court’s determination is presumed correct and will be set aside only if it is shown to be plainly and palpably wrong. Brazier v. State Dep’t of Human Resources, 664 So.2d 1049 (Ala.Civ.App.1989). The right to maintain family integrity is a fundamental, constitutionally protected right, and a parent has a prima facie right to the custody of her child. Wishinsky v. State Dep’t of Human Resources, 512 So.2d 122 (Ala.Civ.App.1987).
After a thorough review of the record evidence, we hold that the trial court’s judgment was not supported by legal, competent evidence. The sixteen-year-old minor child, while present for the hearing, was not afforded the opportunity to testify. We conclude that the trial court’s judgment, unsupported by legal, competent evidence, was plainly and palpably wrong.
DHR’s brief contains a copy of §§ 12-15-150 through -156, Code 1975, which became effective August 8, 1991. Section 12-15-151 provides that a protection order may be entered “upon proper showing by a preponderance of the evidence that such an order is necessary to protect the health or safety of *485 the child_” Section 12-15-151 also provides that the order may require, among others, the spouse of the parent (the stepfather in this case) to vacate the home in which the child resides.
The judgment of the trial court is reversed, and this cause is remanded for the trial court to grant the mother’s petition.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.