MOORE, Chief Justice
(dissenting).
On February 18, 2014, the Jefferson Juvenile Court terminated the parental rights of D.E. (“the mother”) to three of her six children. The Court of Civil Appeals affirmed the juvenile court’s judgment, without an opinion. D.E. v. Jefferson Cnty. Dep’t of Human Res. (No. 2130461, September 19, 2014), - So.3d - (Ala.Civ.App.2014) (table). This Court today denies the mother’s petition for a writ of certiorari. I dissent from that denial because there appears to be no clear and convincing evidence to support the termination of her parental rights. The mother has never abused her children and seems to have taken great measures to support them to the best of her ability.
The juvenile court placed undue weight on the fact that the mother was previously in an abusive relationship with the children’s father.[1] The mother alleges that she has not seen the father since February 2012, when he appeared at her place of employment. The children have not communicated with or seen the father since March 2010, and there is no indication that he ever abused them. The mother claims that she is unaware of the father’s whereabouts, that she does not have his contact information, and that she does not communicate with his relatives.
The evidence before the juvenile court showed that the mother’s housing was stable and that she had two bedrooms, four beds for the children, and ample furniture. At the time of the hearing she was employed as a sitter for the elderly at a hospital and had maintained continual employment with various employers for the year and a half preceding the hearing. Although the children had been removed from the mother’s custody at some point before the hearing, the mother consistently visited the children and talked with them regularly by telephone. She provided the children with clothes and cash, among other things. The social worker assigned to the mother’s case from October 2011 through February 2013 testified *1214 that the mother was cooperative and that she had participated in therapy.
“‘This court has consistently held that the existence of evidence of current conditions or conduct relating to a parent’s inability or unwillingness to care for his or her children is implicit in the requirement that termination of parental rights be based on clear and convincing evidence.’ ” P.H. v. Madison Cnty. Dep’t of Human Res., 937 So.2d 525, 531 (Ala.Civ.App.2006) (quoting D.O. v. Calhoun Cnty. Dep’t of Human Res., 859 So.2d 439, 444 (Ala.Civ.App.2003), and citing T.H. v. State Dep’t of Human Res., 740 So.2d 1089, 1092 (Ala.Civ.App.1998), and Bowman v. State Dep’t of Human Res., 534 So.2d 304, 306 (Ala.Civ.App.1988)). Under our precedents a juvenile court may consider “ ‘ “the past history of the family” ’ ” when determining whether the evidence supports a termination of parental rights. M.J.C. v. G.R.W., 69 So.3d 197, 207 (Ala.Civ.App.2011) (quoting A.R. v. State Dep’t of Human Res., 992 So.2d 748, 760 (Ala.Civ.App.2008), quoting in turn T.B. v. Lauderdale Cnty. Dep’t of Human Res., 920 So.2d 565, 570 (Ala.Civ.App.2005)). The history of the family in this case suggests that the father, not the mother, was unable and unwilling to properly care for the children; it also suggests that he is no longer in contact with the family. The mother’s current conditions reveal that she is improving in the father’s absence and seems sufficiently able and willing to raise her own children. Therefore, I would grant the mother’s petition to consider whether this Court should reverse the judgment of the Court of Civil Appeals.
MURDOCK, J., concurs.

. In 2005 the father stabbed the mother and was convicted of attempted murder as a result. In 2008 the father was released from jail. In July 2009 the father moved in with the mother, and they resumed their relationship. In October 2010, after the father had engaged in numerous acts of violence against the mother, the mother was granted a permanent order of protection against him.