This is a termination of parental rights case.
The Cherokee County Juvenile Court ordered the termination of the parental rights of Fred and Gloria Gayle Haag in their son, Jonah David Haag. Permanent legal custody of the child was vested in the Alabama Department of Pensions and Security (DPS). DPS was also given the authority to place the child for adoption.
The parents filed a motion for a new trial. After a hearing, the motion was denied. The parents appealed to this court. We affirm.
At the outset, we note that, after an ore tenus hearing, the trial court's decision to terminate the rights of the parent is presumed to be correct and will not be set aside on appeal unless the decision is so unsupported by the evidence as to be palpably wrong. Lee v. Jackson County Department of Pensionsand Security, 470 So.2d 1294 (Ala.Civ.App. 1985).
The dispositive issue on appeal is whether there was clear and convincing evidence to support the trial court's decision that the Haags' parental rights should be terminated. It is well settled that a natural parent has the prima facie right to custody. But this right can be overcome by clear and convincing evidence that removal from the parent's custody is in the child's best interest. In the Matter of Clingan, 471 So.2d 435
(Ala.Civ.App. 1985). There is no question that in this case the termination of the Haags' parental rights is supported by an abundance of clear and convincing evidence.
At trial, DPS introduced into evidence all of the reports to the court and all of the prior testimony which had been heard by the court through the course of this case. This evidence indicated that, at the time he was removed from the home, the then three-and-one-half-year-old child was found to have multiple contusions on his head, face, forehead, arms, legs, buttocks, and genital area. There was ample evidence that these injuries were caused by the parents. *Page 588 
The child was made to stay in his bed most of the time; he was not allowed to visit relatives and was seldom taken out in public.
Dr. Brian Allen Perry, the physician who examined the child when he was taken into protective custody in March 1984, testified at the present hearing. He described the wounds that the child had at that time as extremely serious — even life threatening.
The parents admit that the child has been greatly abused in their home in the past. They contend, however, that the "situation" in their home has "dramatically improved" and that the trial court erred in failing to consider or give enough weight to evidence of the present circumstances in their home and their present ability to care for the child.
The trial court was wholly warranted in considering the past history of this case, as well as the evidence of present circumstances which was presented at the ore tenus hearing. SeeWitcher v. Motley, 417 So.2d 208 (Ala.Civ.App. 1982). Moreover, given that past history, we cannot say that the trial court erred in concluding that the risk to the child would be too great if he were returned to the parents, even though there was evidence that the situation in the home appeared to be somewhat improved.
The parents further contend that the trial court erred in terminating their parental rights when a less drastic alternative was available. They argue that such an alternative would be to return the child to their home on a trial basis with close supervision.
The trial court must consider the best interest of the child when looking at less drastic alternatives. In the Matter ofColbert, 474 So.2d 1143 (Ala.Civ.App. 1985). It did not err in concluding that placing the child in the parents' home on a trial basis was not a sound alternative, given the great risk of further abuse to the child, as noted above. Such a conclusion is further confirmed by the evidence of the parents' continued refusal to cooperate when a DPS worker visits their home.
The parents also contend that another less drastic alternative was to place the child with relatives who were willing to take him. There was evidence in the record which indicated that certain relatives had been aware of the abuse prior to the time that the child was taken into protective custody. The evidence further showed, however, that these relatives took no action to protect the child because they did not want to get involved. Thus, the trial court could correctly conclude that placing the child with relatives was not a viable alternative.
There is clear and convincing evidence which supports the trial court's decision to terminate the parents' parental rights and its conclusion that no less drastic alternative was available.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.