Following an ore tenus hearing, the trial court ordered the permanent termination of all parental rights of the natural mother (mother) and father in the minor child, Baby Boy East, age seven months. The court awarded custody of the minor child to Mike and Marlene Meadows, the prospective adoptive parents (adoptive parents). Only the mother appeals.
The right to maintain family integrity is a fundamental right which is protected by the due process requirements of the United States Constitution. In the Matter of Moore,470 So.2d 1269 (Ala.Civ.App 1985). A parent thus has a prima facie right to custody of his or her child. Moore, supra, at 1270. *Page 1011 
The parent's prima facie right to custody can only be overcome by clear and convincing evidence that the best interests of the child would be served by permanent removal from the parent's custody. Haag v. Cherokee County Departmentof Pensions Security, 489 So.2d 586 (Ala.Civ.App. 1986). The primary consideration is always the best interest of the child in a proceeding to terminate parental rights.
Based upon these principles of law, we find that reversal is mandated in this case. In so concluding, we are mindful of the fact that, because the evidence was presented to the trial court ore tenus, its decision is presumed to be correct and will not be set aside unless it is plainly and palpably wrong.Haag, supra. We reverse in this case because there was a lack of clear and convincing evidence before the trial court to terminate parental rights.
The record in pertinent part reveals the following: The mother made arrangements for adoption of the child prior to his birth. After the child was born, the mother signed a consent form for the adoption of the child. The record further reveals, however, that prior to this termination proceeding, the mother changed her mind and wanted to keep the child.
We would note that, although a consent to adopt form was signed by the mother, it appears from the record that no adoption proceedings were ever started. Instead, the present termination of parental rights proceedings were instituted.
At the termination hearing, the adoptive parents, the mother, and social workers testified before the judge. Also, the judge had an in camera interview with the mother's nine-year-old daughter, Carrie. After hearing all the witnesses and examining the evidence, the trial court denied the petition to terminate the mother's parental rights to her seven-month-old son and granted her custody of the child. We note that, until this time, custody of the child has been with the adoptive parents.
After the trial court issued its order, a Rule 59, Alabama Rules of Civil Procedure, motion for new trial or alternative motion to alter, amend, or vacate the judgment was granted by the trial court in favor of the adoptive parents.
Additional evidence was submitted to the court by the testimony of Yvonne Menger, the child's maternal grandmother. The grandmother's testimony at this hearing added little to the evidence presented at the original trial where the trial court awarded custody of the child to his mother. The thrust of the grandmother's testimony was that, in view of the mother's past behavior, the mother could not properly care for the child. She further testified that she could not help care for this seven-month-old child, that she wanted to see this child go to a fine Christian family, and that the baby belongs to the adoptive parents because they can give him what his natural mother cannot.
At the conclusion of this hearing, the trial court vacated its original order (which had denied the termination of her parental rights) and entered a new order terminating the mother's parental rights. Custody of the child was then awarded to the adoptive parents, pending adoption proceedings.
We emphasize that this is not a case of child abuse or neglect. In fact, the mother has never had physical custody of the child. Further, although there was testimony of past indiscretion on the part of the mother, the evidence is clear that her nine-year-old daughter is an honor student and is apparently well adjusted and in good health.
The record before us might support a conclusion that the mother has not exhibited an abundance of parenting skills in connection with her nine-year-old daughter. Likewise, the record is clear that the mother did want to give up the child in question here for adoption. Nevertheless, as noted above, the daughter appears to be doing well and, as concerns the minor child here, the mother has made it clear that she has changed her mind about the adoption. She has testified that she has a job and can and will provide for the child.
Based upon the evidence, it is this court's determination that the trial court erred to reversal in terminating the mother's parental rights. Termination of a parent's rights *Page 1012 
in a child is an extremely drastic measure, and once done, we know of no means of reinstating these rights. Therefore, in view of the above, we find that the evidence at this time does not rise to a level of being so clear and convincing as to support termination of the parental rights of the mother, such action being the last and most extreme disposition permitted by statute. Ala. Code 1975, Section 12-15-71(a)(6) (1986 Repl.Vol.).
This case is due to be reversed and remanded with instructions to enter an opinion not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.