RUSSELL, Judge.
This is an appeal from an order denying a petition for adoption.
Following an ore tenus hearing, the probate court denied the petition of Mike and Marlene Meadows (appellants) seeking adoption of the minor child of Phyllis East (natural mother). The probate court concluded that the natural mother, whose parental rights had previously been terminated and subsequently reinstated by this court, see East v. Meadows, 529 So.2d 1010 (Ala.Civ.App.1988), did not consent to the adoption as required by law. The Mead-owses appeal. We reverse and remand.
The issues presented on appeal are whether the probate court erred in finding that the natural mother did not consent to the adoption of the minor child and, if such consent was given, whether the natural mother could effectively revoke it. Initially, we note that in adoption proceedings, when the court has conducted an ore tenus hearing, its findings will be presumed to be correct and will be disturbed on appeal only upon a showing that they are plainly and palpably erroneous. State Department of Pensions & Security v. Whitney, 359 So.2d 810 (Ala.Civ.App.1978).
Furthermore, if a natural parent has given a valid consent to adopt and the child has been placed in the custody of the adoptive parents, that consent may be revoked only for legal cause, such as where the consent was procured through fraud, undue influence, coercion, or other improper methods or where, under all the circumstances, the best interests of the child mandate its return to the natural parent. Ex parte Nice, 429 So.2d 265 (Ala.1982); In re Adoption of Williams, 472 So.2d 1076 (Ala.Civ.App.1985).
After carefully reviewing the record, we conclude that the probate court’s finding that the natural mother did not give her consent to adopt is plain and palpable error. This court has previously ruled that “the giving of consent at some point is one of the prerequisites to the probate court’s consideration of the [adoption petition].” Davis v. Turner, 337 So.2d 355, 361 (Ala.Civ.App.), cert. denied, 337 So.2d 362 (Ala.1976). It is evident from the *763 natural mother’s motion to dismiss the appellants’ petition for adoption that she signed a consent to adoption which she later attempted to revoke. Furthermore, the consent to adoption form is contained within the record on appeal, dated November 16, 1986, and bears the natural mother’s signature.
Moreover, the record on appeal also contains a handwritten consent form which clearly states that the natural mother’s consent was given “freely and voluntarily.” Like the aforementioned consent to adoption form, this handwritten consent also bears her signature. As a result, we find that the probate court erred in concluding that the natural mother had not consented to the adoption at some point. Id.
This court must now address the issue of whether such consent could have validly been revoked by the natural mother. Nowhere does the she contend that her consent was procured by any improper method. There are no allegations of fraud or undue influence. In fact, the record reveals that the natural mother did not appear at the hearing on her motion to deny the appellants’ petition for adoption, nor did she allow her deposition to be taken by the appellants.
Finally, there was no finding that it was in the child’s best interests to be returned to his natural mother. In fact, the appellants received custody of the child on November 17, 1986, and have maintained custody pursuant to a determination by the Family Court of Jefferson County that the child is dependent and that court’s order awarding the appellants temporary custody. Consequently, we find that the natural mother did not revoke her consent, and, therefore, we reverse and remand this case with instructions for the probate court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.