After the presentation of ore tenus evidence, the trial court terminated the parental rights of the mother and father in and to their minor child, J.T. Only the mother appeals.
The pertinent record facts are as follows. The mother first became known to the Department of Human Resources (department) when she and her sister were placed in Protective Services in 1988. At the time the mother was placed in protective services, she was pregnant with the minor child J.T. A social worker testified that the mother herself was determined to be dependent *Page 472 
after a dependency petition was filed, which alleged that her parents were neglectful. Both of the mother's parents were also determined to have mental problems.
The mother stayed in the Salvation Army Maternity Home up until the birth of J.T. and went back there following his birth. Later, the mother was transferred from the maternity home into another program in the same building. J.T. was placed in foster care, and the mother visited him weekly. Eventually, the department was able to obtain a joint placement in a foster home for the mother and J.T.
The mother and J.T. were moved from this foster home at the request of the foster parent, but they were placed in another foster home in Gadsden, Alabama. The mother's social worker testified that J.T. was doing well in this placement and that the mother was doing okay there, also. Further, she testified that J.T. recognized his mother, that the two had bonded, and that the current foster home placement was considered long-term.
Although the mother has not exhibited an abundance of parenting skills, the record reveals that she was only 14 years old when her son was born. Further, we must emphasize that this is not a case of child abuse or neglect. In fact, record testimony indicates that the mother has never demonstrated anything except love and affection for her child.
The due process clause of the United States Constitution protects the right to maintain family integrity. In the Matterof Moore, 470 So.2d 1269 (Ala.Civ.App. 1985). Thus, a parent has a prima facie right to the custody of his or her child.Moore. This prima facie right can be overcome only by clear and convincing evidence establishing that the child's best interests will be served by permanent removal from the parent's custody. East v. Meadows, 529 So.2d 1010 (Ala.Civ.App. 1988). Further, the best interests of the child is the overriding consideration in proceedings to terminate parental rights.East.
It is based upon these legal principles that we find that reversal is mandated in this case. We recognize that, because evidence was presented ore tenus, the trial court's decision is presumed correct and will not be set aside unless it is plainly and palpably wrong. East. However, we must reverse because we find that there was a lack of clear and convincing evidence before the trial court to terminate the mother's parental rights.
We note that the record reveals that the mother has difficulty dealing with authority, has broken some of the rules of her foster parents, and has exhibited inconsistency in the development of her parenting skills. However, the termination of parental rights is a drastic measure, and, once effectuated, we know of no means of reinstating those rights. Consequently, we find that the evidence simply "does not rise to the level of being so clear and convincing as to support termination of the parental rights of the mother, such action being the last and most extreme disposition permitted by statute." East at 1012 (citation omitted).
This case is due to be reversed and remanded with instructions to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and RUSSELL, JJ., concur in result only.