THIGPEN, Judge.
This case concerns the termination of parental rights.
The State Department of Human Resources (DHR) filed a petition seeking to terminate the parental rights of the parents of L.L.B. Ultimately, the trial court terminated the parental rights of M.B.P. (mother) and D.B. (father). The mother’s post-trial motion was denied and she appeals.
The dispositive issue on appeal is whether the trial court abused its discretion in terminating the parental rights of the mother.
Our review of the record reveals that the legal history of this case began in the fall of 1987 when DHR filed a petition alleging that L.L.B., who was only a few months old at that time, was dependent and in need of care. The trial court determined that L.L.B. was dependent and placed temporary custody of the child in DHR in October 1987. Several review hearings have followed, and the child's temporary custody has continued in DHR. During most of this time the child has remained in foster homes; however, in August, 1988, DHR placed the child in the physical custody of the paternal grandmother, only to have her return the child that December, stating that she could not care for the child. During the time the child has been in the custody of DHR, the mother, who was a teenager when the child was born, has failed to cooperate with DHR’s reunification efforts. The mother has not maintained regular visitation with the child as she agreed and scheduled, nor has she attempted to reschedule visitation. From the record, it appears that the mother’s instability regarding housing and income has made it difficult for DHR to maintain contact with her. The mother has failed to maintain contact with DHR regarding her whereabouts and has failed to advise DHR concerning her current marital status, housing, and employment. She has on occasion been involved in substance abuse and domestic violence. On one particular occasion, she and her current husband were fighting and caused extensive property damage to the trailer they rented in Georgia, resulting in their eviction.
In April, 1990 DHR petitioned for termination of parental rights in order to make permanent plans for the child’s care and custody. In that petition, DHR alleged that neither parent had established a suit *26 able home for the child, both parents were unstable and lacking in parenting skills, both parents had neglected or refused to properly care for the child, and the best interests of the child would be served by terminating the parental rights of the parents and granting DHR the authority to arrange for permanent placement of the child. The maternal grandparents petitioned for the child’s custody in July 1990. Notice to the father was by publication because of his unknown whereabouts. He did not appear for the hearing in October 1990 and is not a party to this appeal.
The trial court’s order noted the presence of numerous people, including the mother, at the hearing and found “from clear and convincing evidence which is competent, material and relevant in nature, that the parents of the child are unable and unwilling to discharge their responsibilities to and for the said child, and that it is in the best interest of the child that the parental rights of the parents be terminated.” The trial court also determined that “it is not in the best interest of the child to be placed with the maternal grandparents” and denied their petition for custody. In her motion for reconsideration, and on appeal, the mother contends that the trial court failed to consider the improvement in the mother’s current circumstances.
Initially, we note that the trial court in the instant case was presented the evidence ore tenus; therefore, its decision is presumed to be correct and will not be set aside unless it is plainly and palpably wrong. Haag v. Cherokee County Department of Pensions & Security, 489 So.2d 586 (Ala.Civ.App.1986). A natural parent has the prima facie right to custody of his or her child; however, that right can be overcome by clear and convincing evidence that removal from the parent’s custody is in the child’s best interest. East v. Meadows, 529 So.2d 1010 (Ala.Civ.App.1988). The termination of one’s parental rights is a matter we do not consider lightly. Our supreme court expressed its concern by stating that “Parental rights are indeed cherished and deserve the law’s utmost protection against unwarranted interference.” Ex parte Beasley, 564 So.2d 950, 954 (Ala.1990).
It is significant here that for over two years before petitioning for termination of the parents’ rights to the child, DHR attempted to work with each parent separately in efforts to reunite the child with either parent. The petition was filed based on the last information DHR had available, which was a home evaluation returned from Georgia in November 1989, through the Interstate Compact. That report indicated that the mother and her current husband had been evicted from the trailer they rented, because of fighting and property damage, and that their whereabouts were unknown. A social worker testified that in January 1990, she discussed with the child’s mother the result of the Georgia home evaluation and advised the mother that she needed to contact the Georgia authorities regarding her availability for a home evaluation and any change in her circumstances or stability. The social worker further testified that she discussed with the mother at that same time, DHR’s plan to petition for termination of the mother’s parental rights. The social worker also testified that at that time the mother was unemployed and pregnant and the mother’s new husband was also unemployed. The social worker further testified that the mother did not attempt to notify anyone of any improvement in her circumstances or request a home evaluation until about one month prior to the final termination hearing when she visited the child.
In termination proceedings, the court must apply a two-pronged test to terminate parental rights when the State is the petitioner. See Beasley, supra. First, the court must determine from clear and convincing evidence that the child is dependent, and second, the court must determine that there exists no remedy less drastic than termination of those rights. Ex parte Brooks, 513 So.2d 614 (Ala.1987). Additionally, the best interests of the child are controlling. Matter of Burnett, 469 So.2d 627 (Ala.Civ.App.1985). In the instant case, the finding of dependency is not challenged; therefore, it is only necessary *27 to review the determination that no remedy less drastic than termination exists.
When denying alternative custody to a relative of the parent in termination cases, factors which may be considered by the trial court can include the child’s retention in the same environment and the past history of the case. Varnadore v. State Department of Human Resources, 543 So.2d 1194 (Ala.Civ.App.1989). The maternal grandparents’ petition for custody of the child was denied and they do not appeal. The paternal grandmother had attempted to care for the child, but returned the child to DHR, stating that she could not care for her. The father did not even appear at the hearing and does not appeal the trial court’s determination regarding his parental rights. The only alternative placement offered by the mother is to let her have her child back. She contends that she is remarried, settled, has a second child, and is ready and capable of caring for this child.
To support her contentions that the trial court failed to consider her current circumstances, the mother cites Bowman v. State Department of Human Resources, 534 So.2d 304 (Ala.Civ.App.1988), Wilson v. State Department of Human Resources, 527 So.2d 1322 (Ala.Civ.App.1988), and Hamilton v. State, 410 So.2d 64 (Ala.Civ.App.1982). We have carefully read and considered those cases and agree with the mother’s basic statement that evidence of the mother’s current circumstances must be considered in termination cases. In the instant case, there was evidence before the trial court in the form of testimony from the mother’s mother regarding the mother's current, and improved, circumstances, and that evidence was properly considered. The last report from DHR was made only a few months prior to the filing of the petition. The mother was informed of what the last report indicated and of what action was to be taken by DHR. She was offered opportunities to update the information, and was informed that she must contact the Georgia authorities to advise them how to locate her to make a new home study. In spite of all this advice and the warning that DHR would initiate an action to terminate her parental rights, the mother failed to act.
We have carefully and thoroughly reviewed the record in light of the applicable law and find that there is clear and convincing evidence which supports the trial court’s conclusion that no viable alternative to termination, which would serve the best interests of the child, was available. There is ample evidence to support the trial court’s judgment terminating the parental rights of the mother. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.