ROBERTSON, Presiding Judge.
After an ore tenus proceeding, the Juvenile Court of Calhoun County ordered the permanent termination of all parental rights of the mother and the legal father in T.M.R., a minor. Permanent legal custody of the child was vested in the Alabama Department of Human Resources (DHR) and, from this order, only the mother appeals.
On appeal, the mother raises three issues: (1) whether the failure of the DHR to introduce any documentation into evidence to corroborate the testimony of the DHR caseworker denied the mother due process in having her parental rights terminated; (2) whether the testimony provided clear and convincing evidence to justify the termination of the mother’s parental rights; and (3) whether the testimony showed there to be no less drastic measures available other than terminating the mother’s parental rights.
As to the mother’s first issue, we note that no objection concerning due process was made in the lower court. Constitutional issues not raised in the trial court cannot be considered for the first time on appeal. Crews v. Houston County Department of Pensions and Security, 358 So.2d 451 (Ala.Civ.App.1978).
Regarding the mother’s other issues, we recognize that every parent has a prima facie right to custody of his or her child. Moore v. State Department of Pensions and Security, 470 So.2d 1269 (Ala.Civ.App.1985). This prima facie right can only be overcome by clear and convincing evidence that the child’s best interests would be served by removing the child from the parent’s custody. East v. Meadows, 529 So.2d 1010 (Ala.Civ.App.1988). It is this consideration for the best interests of the child which lies at the heart of every proceeding to terminate parental rights. East.
*418 Here, the court considered testimony from a DHR social worker and from the mother herself. Evidence shows that the child has been in foster care since July 1987, and has had no contact with its mother since September 1989. The mother has already served a prison sentence in Julia Tutwiler Prison, and she now faces another prison sentence of ten years or more because of two more felony charges to which she plans to enter pleas of guilty. After her earlier release, the mother did contact DHR about visitation with the child, but she never completed a mandatory drug and alcohol rehabilitation program, and she never provided any support for the child. She recently was convicted of driving under the influence, and she admittedly still has an alcohol problem and a drug problem.
As to alternatives available to the trial court, the evidence showed that the only other relative who ever expressed interest in caring for the child later renounced that interest. Other placement alternatives were found to be undesirable due to a lack of interest and alcohol problems with the mother’s parents, and a prolonged lack of interest or contact by both the legal father and a man thought to be the biological father. On the other hand, the DHR currently has available adoptive parents who could adopt and care for the child if the parental rights to the child are terminated.
We find that the termination of the parental rights of the mother was supported by clear and convincing evidence and that no less drastic alternatives were available. Consequently, this case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.