This is a termination of parental rights case.
The Alabama Department of Human Resources (Department) filed a petition to terminate the parental rights of the parents of the two children, J.G., a male age 11 years, and C.M.R., a female age 9 years. That petition, which was filed in the Juvenile Court of Etowah County on November 16, 1990, after a history of dependency dating back to 1983, was granted. The mother (M.J.G.L.) appeals.
When the State seeks to terminate parental rights, the trial court must make several findings. Ex parte Beasley,564 So.2d 950 (Ala. 1990). First, the trial court must determine from clear and convincing evidence that the child is dependent. Second, the trial court must find that no viable alternatives exist other than termination of parental rights. Wallace v.Jefferson County Department of Pensions and Security,501 So.2d 473 (Ala.Civ.App. 1986). The trial court was presented evidence ore tenus; therefore, its decision is presumed to be correct and will be set aside only if the record reveals the decision to be plainly and palpably wrong. Wix v. StateDepartment of Pensions and Security, 464 So.2d 118
(Ala.Civ.App. 1985).
The evidence in this case reveals that J.G. and C.M.R. were originally in the custody of the mother. C.M.R. and J.G. each have different fathers; however, neither father has been adjudicated such. J.G.'s father did marry the mother subsequent to J.G.'s birth. Although there is no denial of paternity, no legitimation proceedings have been filed by either man. Both fathers were served with a summons to appear, neither appeared at the hearing, and neither father appeals; therefore, their interests herein are foreclosed.
Sometime during 1983, the mother placed the children with a paternal grandmother and left the state with C.M.R.'s father to look for a job in Florida. The grandmother sought assistance from the Department. The mother has lived with each of the fathers at different times over the period of years following. She never married C.M.R.'s father, but eventually married J.G.'s father. Testimony reflects that since 1983, the mother has resided in approximately 40 different places, and held approximately 18 different jobs. C.M.R.'s father spent much of this time in prison or on parole, with intermittent employment at various places. J.G.'s father has held different jobs; however, he receives Supplemental Security Income for some undisclosed disability.
The children were returned to the mother by an order sometime in 1984; however, in 1985, the mother returned the children to the custody of the Department, complaining of domestic violence and lack of financial ability to support them. The children have remained in the custody of the Department continuously since 1985, with visitation allowed by all parents.
The record contains evidence that the Department investigated alternative family placements. The maternal grandmother was considered; however, she and her husband separated and she was not in a position to care for the children. A paternal grandmother was considered, and actually had temporary custody of the children for four or five months; however, she returned the children to the Department because she was leaving the state. A paternal aunt *Page 1006 
was suggested; however, due to the mother's opposition, the Department decided that placement was not in the best interest of the children. The Department asserts that it exhausted all known family resources, and has been provided no other resources by any of the parents involved. J.G.'s father has asked for custody of J.G.; however, although he is still married to J.G.'s mother, as of the hearing, he was living with another woman, whom he says he intends to marry. Further, he is on probation for burglary and theft charges until at least 1994. The Department did not consider him to be a fit and proper parent, due to his prior felony convictions and life style.
The Department asserts that the children are presently adoptable. C.M.R. has done well in foster care, has a normal I.Q., and makes A's and B's in school. J.G. has had behavioral problems in the past; however, since being in the present foster care, he has adjusted well. Both children have expressed their love for and desire to return to their mother, and do not want to be adopted. On the other hand, they have both expressed a desire not to be known as "foster children."
The mother herein is 29 years old and testified to a long history of financial difficulties and of her need to "settle down" and provide a steady, stable home environment for her children. She is currently separated from her husband and had most recently moved from her father's home to her own mobile home where she lived alone at the time of the hearing. In the nine months prior to the hearing, however, she lived in three different places and had three different jobs. The mother testified that she had changed and wanted the children returned to her; however, she did not convince the court that such a change in attitude was permanent. She testified that she wants what is best for her children. She conceded to difficulties in maintaining a stable environment and shouldering responsibility.
While it is well-settled that a natural parent has a prima facie right to custody, nevertheless, that right can be overcome by clear and convincing evidence that removal from the parents' custody is in the child's best interest. Haag v.Cherokee County Department of Pensions and Security,489 So.2d 586 (Ala.Civ.App. 1986). In the instant case, this court reviewed an eight year history of instability and dependency. The trial court properly considered the past history of the case. Haag, supra. The totality of all circumstances of this case warranted a finding of dependency. Carter v. JeffersonCounty Department of Pensions and Security, 496 So.2d 66
(Ala.Civ.App. 1986). As the mother alleges, the court made no detailed findings of dependency in its order of termination. Such detailed findings, while preferable, are not required. Ala. Code 1975, § 12-15-65 and § 12-15-71; Anonymous v.Anonymous, 504 So.2d 289 (Ala.Civ.App. 1986). The express use of the word "dependent" is not required. Phillips v. AlabamaDepartment of Pensions and Security, 394 So.2d 51
(Ala.Civ.App. 1981). After careful review of the record, we find clear and convincing evidence supporting the trial court's conclusion to terminate the mother's parental rights. The record contains sufficient evidence showing that the children are dependent, that there exists no viable alternative to termination, and that termination would serve the best interests of the children. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.