After the presentation of ore tenus evidence, the trial court permanently terminated all parental rights of the mother and father in M.M.C. and J.D.C., minors. Permanent legal custody of the children was vested in their paternal grandparents (grandparents). After a motion for new trial was denied, only the mother appeals.
The issues presented by the mother for our review are: (1) whether the trial court committed reversible error in terminating parental rights without a determination that there were no less drastic alternatives; (2) whether the trial court abused its discretion and committed reversible error by terminating parental rights of both parents, when said termination accrued no advantage to the children who thereby lost the right of support of both parents and remained in the custody of the paternal grandparents to whom the court previously had awarded custody; and (3) whether the trial court committed reversible error by ruling that the business records of Alabama Plasma were inadmissible because they contained hearsay evidence.
In general, we first note that a parent has a prima facie right to custody of his or her child, Moore v. State Dep't ofPensions and Sec., 470 So.2d 1269 (Ala.Civ.App. 1985), and this right can be overcome only by clear and convincing evidence that the child's best interests would be served by permanently removing the child from the parent's custody. Eastv. Meadows, 529 So.2d 1010 (Ala.Civ.App. 1988). The best interest of the child is the primary consideration in a parental rights termination proceeding. East.
In addressing the mother's first two issues together, we note that the statutory authority for such termination is found in § 26-18-7, Code 1975. The trial court is given the authority to terminate parental rights if it finds from clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities. Some of the considerations which the trial court is required to use are whether the parents have abandoned the child, whether the parents have problems with drugs or alcohol, and whether reasonable efforts to rehabilitate the parents have failed. § 26-18-7(a), Code 1975. If the child is not in the physical custody of its parent or parents, the trial court also may consider such circumstances as whether the parents have provided material needs for the child, whether the parents have maintained regular, scheduled visits with the child, and whether the parents have adjusted their circumstances to meet the needs of the *Page 102 
child according to agreements reached in court. § 26-18-7(b), Code 1975.
Here, the trial court heard testimony from the grandmother of the children, a neighbor of the mother, and the father himself, who consented to the termination of his parental rights. Evidence disclosed that the children have lived with their grandparents since birth and that they have received necessities such as food, clothing and shelter solely from them. The mother has provided none of the necessities of life. In fact, prior to this termination proceeding, the trial court had found the children to be dependent and had placed them in the temporary custody of their grandparents, ordering all visitation rights of the mother suspended until further order of the court.
The grandmother testified that she has known of the mother being under the influence of drugs on many occasions. Furthermore, the neighbor testified that he saw the mother sniffing paint thinner several days prior to the termination hearing. On this same day, the neighbor stated that he was let into the mother's house by a stranger and later witnessed several different men "taking their turns" with her in the bedroom. As to the condition of the house, the neighbor characterized it as a "pigsty" and said that the shower consisted of a hosepipe hung through the bathroom window. After her behavior continued in this manner for a couple of days, paramedics were called to the scene and the mother was taken to the hospital.
The father testified that, during his nine-year marriage to the mother which ended two years ago, they both abused alcohol on a daily basis and cocaine on a weekly basis. Toward the end of their marriage, the mother also began sniffing paint thinner. In fact, the father testified that the mother's alcohol and substance abuse was of such a degree as to render her incapable of caring for their children during that time. Also before the trial court were certified records from three hospitals which chronicled the mother's history of drug abuse. Although the mother was not present at the termination trial, she later testified at the hearing on the motion for new trial that she had been involved in a drug treatment program, but had not been back to the program since September of 1990.
Whenever a trial court is presented with ore tenus evidence, its decision will not be set aside unless it is so contrary to the evidence as to be plainly and palpably wrong.Fortenberry v. Alabama Dep't of Pensions and Sec., 479 So.2d 54
(Ala.Civ.App. 1985). After a careful review of the record, we hold that the trial court did not commit reversible error by terminating the parental rights of the mother. The lack of a viable alternative is apparent from the evidence and, in fact, the trial court's order states that the conduct and condition of the mother is unlikely to change in the foreseeable future. Also, since the mother never has provided any support for her children, the termination of her parental rights will not create an economic disadvantage for them.
The final issue raised by the mother concerns certain business records which she offered into evidence in an attempt to prove her recent lack of drug use. The records were from an entity known as Alabama Plasma, which purchases blood from donors, performs tests for protein and sugar levels, and subsequently allows out-of-state testing to be performed to detect the presence of AIDS and other communicable diseases. After Alabama Plasma's assistant manager testified that they do not test for the presence of drugs, the trial court excluded these records on the grounds of hearsay and relevancy. Even if we assume that the trial court erred as to its hearsay ruling, its error was harmless. Testimony from the assistant manager that Alabama Plasma does not test for drug usage rendered these records irrelevant. Accordingly, the trial court did not commit reversible error by disallowing their introduction at the hearing on the motion for new trial.
Based on the foregoing, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur. *Page 103