This case involves the termination of parental rights. T.W.W. (father) and M.R.W. (mother) are the natural parents of J.R., born January 1985; C.R., born December 1985; and T.W., born November 1988.
The record reveals that the Lauderdale County Department of Human Resources (DHR) first became involved in November 1988 when, based on allegations of child neglect, it filed petitions in juvenile court alleging J.R. and C.R. to be dependent children. Also in November 1988, a few days after his birth, a petition alleging T.W. to be a dependent child was filed. Pick-up orders were issued and DHR was granted temporary legal custody of the three children, who were found to be dependent. The children were placed in foster homes.
The evidence discloses that temporary custody remained with DHR for the next three and one-half years. Numerous reports were filed with the court and numerous hearings were held. The trial court repeatedly found that reasonable efforts toward re-unification had been made and the most appropriate plan was for the children to remain in the legal custody of DHR.
On May 22, 1992, petitions for permanent custody were filed by DHR, and a hearing date on the matter was set for November 23, 1992. On October 16, 1992, the parents were served with notice of the hearing regarding the possible termination of their parental rights. Neither parent was present at that hearing. On December 10, 1992, the trial court entered a "FINAL DECREE OF PERMANENT CUSTODY" wherein the parental rights of T.W.W. and M.R.W. were "permanently and forever terminated."
The parents raise three issues on appeal: (1) whether the trial court committed reversible error in allowing hearsay testimony from DHR at the hearing to terminate parental rights, concerning allegations made to them by the children of sexual abuse committed by the parents; (2) whether the trial court improperly allowed hearsay evidence to be admitted at the hearing to terminate parental rights, prior to an adjudication of dependency; and (3) whether viable alternatives to termination of parental rights existed.
As to their first issue, the parents cite Ala. Code 1975, § 12-15-65(g), which states that the admission of hearsay evidence is allowable "in all dependency cases brought by the state of Alabama acting by and through a local department of human resources." Subsection (2) states, however, that
 "[a] statement may not be admitted under this section unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the adverse party with a fair opportunity to rebut the statement."
It appears from the record that hearsay testimony was admitted concerning allegations against the parents of sexual abuse. However, at the judicial review hearing on March 2, 1992, which was prior to any testimony of sexual abuse committed by the parents, the court stated that it "has been four years now almost. And these parents are no closer now than it appears they were four years ago when we started to take this case."
Alabama Rules of Appellate Procedure, Rule 45, states as follows:
 "No judgment may be reversed or set aside, nor new trial granted in any civil . . . case on the ground of . . . the improper admission . . . of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken . . . after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
After a thorough and careful review of the record, this court finds any possible error to be harmless in light of the long-standing history and overwhelming evidence of disregard for, and neglect of, the children by the parents.
As to the second issue, the parents argue that the trial court erred in allowing, over their objection, hearsay evidence "prior to a ruling regarding the children's dependency." In their brief, however, the parents fail to specify the particular testimony to which they object. Instead, their argument *Page 763 
in brief concerning this issue merely refers to "hearsay evidence" and "hearsay testimony" in a general, assumptive fashion. This court knows of no requirement that the trial court make a new finding of dependency in a termination of parental rights hearing. We note that in its final judgment, the trial court again adjudged the children to be dependent. The record reveals that the children had been deemed dependent at a prior hearing and they remained dependent and in the custody of DHR at the time of the termination hearing.
Concerning the third issue as to whether there were viable alternatives to the termination of T.W.W. and M.R.W.'s parental rights, this court has previously stated the following:
 "When the State seeks to terminate parental rights, the trial court must make several findings. First, the trial court must determine from clear and convincing evidence that the child is dependent. Second, the trial court must find that no viable alternatives exist other than termination of parental rights."
M.J.G.L. v. State Department of Human Resources,587 So.2d 1004, 1005 (Ala.Civ.App. 1991) (citations omitted).
Reciting all the facts in this case would serve no useful purpose. The record shows, however, that DHR investigated alternative family placements and no suitable alternative placement was found. The record also reveals that the parents' situation is unsuitable for returning the children to them and, as such, does not offer a viable alternative. Also, since evidence here was presented ore tenus, the trial court's judgment is presumed correct and will be set aside only if the record shows that judgment to be plainly and palpably wrong. Id. We cannot say that the trial court's decision is plainly and palpably wrong. Accordingly, the trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.