RICHARD L. HOLMES, Retired Appellate Judge.
This is a termination of parental rights case.
After a hearing the juvenile court issued an order dated August 3,1993, which provided, in pertinent part:
“That any and all legal rights of the natural parents of said child in and to her custody be and the same are hereby PERMANENTLY TERMINATED and legal guardianship and permanent custody of said child are hereby GRANTED to [F.Y. and S.Y.].”
A.N.C. (the mother) appeals. We affirm.
The dispositive issue is whether there was clear and convincing evidence to support the trial court’s decision to terminate the mother’s parental rights.
At the outset we note that, after an ore tenus hearing, the trial court’s decision to terminate the rights of a parent is presumed to be correct and will not be set aside on appeal unless the decision is so unsupported by the evidence as to be palpably wrong. Haag v. Cherokee County Dep’t of Pensions & Security, 489 So.2d 586 (Ala.Civ.App.1986).
It is well settled that a natural parent has the prima facie right to custody. This right can be overcome by clear and convincing evidence that removal from the parent’s custody is in the child’s best interests. Haag, 489 So.2d 586.
In a case involving the termination of parental rights, there is a two-prong test which must be applied. First, the court must conclude that the child is dependent, and this conclusion must be based on clear and convincing evidence. Second, the court must conclude that there is no less drastic alternative available. M.B.P. v. State Dep’t of Human Resources, 586 So.2d 24 (Ala.Civ.App. 1991).
It should be noted that the best interests of the child are controlling. M.B.P., 586 So.2d 24. When seeking to determine the child’s best interests, the court must look at whether the parent is physically, financially, and mentally able to care for the child. S.T. v. State Dep’t of Human Resources, 579 So.2d 640 (Ala.Civ.App.1991). Permanent termination of parental rights is proper in a case where the court has determined by clear and convincing evidence that the parent is either unable or unwilling to fulfill her responsibilities to and for that child. Cope v. State Dep’t of Human Resources, 549 So.2d 982 (Ala.Civ.App.1989).
The mother does not challenge the finding that the child is dependent. However, the mother does contend that a viable alternative to the termination of her parental rights, which would serve the best interests of the child, exists.
Our review of the record reveals the following: C.N. (the child) was born on March 21, 1989, when the mother was 16 years old. On August 26, 1991, the mother voluntarily relinquished temporary legal custody of the child to the mother’s aunt. The child has been adjudicated dependent since August 1991, and her physical custody has been changed seven times in the two-year period preceding the termination hearing. The mother has not had either legal or physical custody of the child since August 1991.
In December 1991 F.Y. and S.Y. (the petitioners) told one of the mother’s aunts that they desired to adopt the child and to raise *89 her as their own. In January 1992 the petitioners filed a petition for temporary legal custody of the child, and physical custody of the child was given to the petitioners.
However, in February 1992 the mother filed a petition for custody, and thus began the reasonable efforts to reunite the child with her mother. While the mother has had periods wherein she made some progress in attempting to adjust and improve her circumstances and periods wherein she has participated in programs provided through the Department of Human Resources (DHR), she has not significantly improved to the point where she could be relied upon to provide permanent, unsupervised custody and care of the child.
In fact, it does not appear from the evidence before this court that the mother will be able to correct her parenting inadequacies within the foreseeable future. We would note that the mother failed to pay court-ordered child support; that the mother’s visitation and communication with the child has been sporadic; and that, on numerous occasions, the mother has abandoned or discontinued programs and endeavors designed to aid her in improving and adjusting her circumstances.
In its nine-page order which terminated the mother’s parental rights to the child, the juvenile court made the following statements:
“The Court has strongly considered the less drastic alternative of granting temporary legal custody to the Petitioners and preserving the Mother’s ability to continue her efforts to improve, but in consideration of the totality of the circumstances does not find that such is a feasible alternative. So long as the possibility of another change in custody is held over her, the child will not be able to have the permanency of placement she so desperately needs....
“The Court has examined the efforts of [DHR] with regard to relative resources and finds that all relative resources have been explored and are either unavailable or unacceptable as a less drastic alternative _ Attempted placement with relative resources has failed and the Court does not find that further attempts would be in the best interests of the child.
“... [T]he Court must agree with the recommendation of the Guardian Ad Litem and of [DHR] that the best interests of the child must prevail over the legitimate interests of the biological parent and that [the child] must have a permanent home without further delay.”
There is clear and convincing evidence to support the juvenile court’s decision to terminate the mother’s parental rights and its conclusion that no less drastic alternative was available. As noted in the court’s order terminating parental rights, in this instance, in view of the totality of the circumstances, it is in the child’s best interests to have a permanent home without further delay.
In light of the above, the judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.