869 So.2d 1177 (2003)
S.E.
v.
J.D.G. and G.G.
2020241.
Court of Civil Appeals of Alabama.
July 18, 2003.
Jeffrey P. Montgomery, Gadsden, for appellant.
Jack Floyd, Gadsden, for appellees.
CRAWLEY, Judge.
S.E. ("the mother") appeals from the juvenile court's termination of her parental rights to her child, S.M.G. ("the child"). We affirm.
The mother's mother and stepfather, J.D.G. and G.G. ("the maternal grandparents"), petitioned the juvenile court to terminate the mother's parental rights. The father of the child is unknown, and, at the time they filed the petition, the mother was incarcerated. A hearing was set on the maternal grandparents' petition, and a guardian ad litem was appointed for the child. The mother filed an affidavit of substantial hardship and counsel was appointed to represent her; the unknown father was served with notice of the proceedings by publication. J.D.G., the maternal grandmother, was the only person *1178 to testify at the termination hearing; the mother was not present.
After conducting its hearing on the matter, the juvenile court entered an order that stated, in pertinent part:
"The Court finds by clear and convincing evidence, competent, material and relevant in nature, the following facts. The Court takes judicial knowledge of the contents of a prior termination of parental rights concerning [L.A.B.], case # JU-00-80.02. In that case there is documentation to the effect [that] the... mother had a substantial addiction to alcohol, marijuana, and crack cocaine. In that case, on July 18, 2001, the ... mother consented in open court to the termination of her parental rights with respect to [L.A.B.] Subsequently, on November 27, 2001, the ... mother was sentenced to the penitentiary by the Circuit Court of Etowah County in case # CC-00-781.01 and .02. Subsequently, on January 4, 2002, the ... mother was physically transferred to the Julia Tutwiler Prison for Women in Wetumpka, AL. Subsequently, on March 23, 2002, she delivered the ... child in a Montgomery hospital. The ... mother had initially consented to the pre-birth adoption of the ... child by the ... maternal grandparents, but such consent was subsequently withdrawn after the birth of the child. [The maternal grandparents] took the ... child from the Montgomery hospital and returned to Etowah County. The ... child has not been in the physical custody of the ... mother since that time. The ... mother has not seen the ... child, has not paid any child support to the maternal grandparents, and has not made any effort to contact the ... child. The conduct or condition of the mother and of the unknown father is such as to render them unable to properly care for the ... child, and such conduct or conditions are unlikely to change in the foreseeable future. The... child is dependent, and there are not suitable relative resources other than the ... maternal grandparents, and there is no viable alternative other than the termination of the parental rights of the ... mother and the unknown father. The Court finds that the provisions of Code of Alabama [1975] Section 26-18-7(a)(4) and (8) are directly applicable to the current fact situation."
The mother filed a motion to set aside the judgment terminating her parental rights; the juvenile court denied the motion. The mother then filed a notice of appeal to this court.
On appeal, and represented by different counsel than she was represented by at the termination proceeding, the mother contends (1) that her counsel during the termination proceedings was ineffective; (2) that the juvenile court's judgment was not supported by clear and convincing evidence; and (3) that the juvenile court erred by denying her motion to supplement or correct the record.
The mother first argues that her counsel during the termination proceeding rendered ineffective assistance. Our review of the record shows that the mother failed to raise an ineffective-assistance-of-counsel claim to the juvenile court. Accordingly, this court cannot consider this claim because it has been raised for the first time on appeal. See J.K. v. Lee County Dep't of Human Res., 668 So.2d 813, 817 (Ala.Civ.App.1995)("Further, the issue of whether J.K. was denied effective assistance of counsel was never presented to the trial court. `The trial court should not be placed in error on matters which the record reveals it neither ruled upon nor was presented the opportunity to rule upon.' Wilson v. State Department of Human Resources, 527 So.2d 1322, 1324 (Ala. *1179 Civ.App.1988)."). Further, we note that our supreme court has determined that a motion filed pursuant to Rule 60(b), Ala. R. Civ. P., under certain circumstances, can be the appropriate means through which to present an ineffective-assistance-of-counsel claim to a trial court. See Ex parte E.D., 777 So.2d 113 (Ala.2000).
The mother next argues that the juvenile court's judgment is not supported by clear and convincing evidence. A trial court's decision in a proceeding to terminate parental rights, when based on ore tenus evidence, as here, is presumed correct and its decision will be set aside only if the record reveals that the decision is plainly and palpably wrong. M.J.G.L. v. State Dep't of Human Res., 587 So.2d 1004 (Ala.Civ.App.1991). Our review of the record shows that the juvenile court's findings were clearly supported by the testimony of the maternal grandmotherthe only witness to testify at the hearingand by its own records, of which it took judicial notice.
The mother's final argument is that the juvenile court erred by not having the transcript of the termination hearing corrected because it contained 12 instances in which the reporter noted that the testimony was inaudible. The juvenile court denied the motion stating, after listening to the audiotape of the hearing, that "the ... places which are inaudible are each only a few seconds in duration on the audiotape, and do not materially affect the context of the transcript." The mother has failed to cite any authority to this court that necessitates a reversal of the judgment in this case based on the juvenile court's denial of this motion, and we will not address this argument further. See Rule 39, Ala. R.App. P., and McLemore v. Fleming, 604 So.2d 353 (Ala.1992).
Accordingly, the juvenile court's judgment is due to be affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.