BRYAN, Judge,
concurring specially.
I concur in the main opinion. I write to express additional reasons why the juvenile court’s judgment should be affirmed.
This court, as well as our supreme court, has repeatedly stated that the paramount concern in termination proceedings is the best interest of the child. See Ex parte J.R., 896 So.2d 416, 423 (Ala.2004); A.A. v. Cleburne County Dep’t of Human Res., 912 So.2d 261, 264 (Ala.Civ.App.2005); and V.O. v. State Dep’t of Human Res., 876 So.2d 1151, 1153 (Ala.Civ.App.2003). Furthermore, our legislature has unequivocally stated:
“It is the purpose of this chapter [the 1984 Child Protection Act] to provide meaningful guidelines to be used by the juvenile court in cases involving the termination of parental rights in such a manner as to protect the welfare of children by providing stability and continuity in their lives, and at the same time to protect the rights of their parents.”
§ 26-18-2, Ala.Code 1975 (emphasis added). Our courts must protect the constitutional rights of parents while protecting the welfare of children. Additionally, this court has stated in D.W.W. v. State Department of Human Resources, 607 So.2d 240, 241 (Ala.Civ.App.1992), that
“the maintenance of family integrity is a fundamental right and that every parent has a prima facie right to custody of his or her child. In re Moore, 470 So.2d *403 1269 (Ala.Civ.App.1985). Accordingly, this right can be overcome only by clear and convincing evidence that the child’s best interests would be served by permanently removing the child from the parent’s custody. East v. Meadows, 529 So.2d 1010 (Ala.Civ.App.1988). In a termination of parental rights proceeding, the best interests of the child are always the primary consideration. East.”
See also L.M.P. v. State Dep’t of Human Res., 597 So.2d 216, 217 (Ala.Civ.App.1992); see also Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Thus, a party petitioning to terminate a parent’s parental rights must overcome a high burden, i.e., the clear-and-convincing standard, to override that parent’s constitutional liberty interest.
Our legislature has enumerated a list of grounds that could warrant the termination of a parent’s parental rights; the first of those is abandonment. See § 26-18-7(a)(l), Ala.Code 1975. Thus, a court may terminate a parent’s parental rights based on clear and convincing evidence that that parent has abandoned his or her child. See § 26-18-7(a) (“If the court finds from clear and convincing evidence ... that the parents of a child are unable or unwilling to discharge their responsibilities to and for the child, or that the conduct or condition of the parents is such as to render them unable to properly care for the child and that such conduct or condition is unlikely to change in the foreseeable future, it may terminate the parental rights of the parents.”).
Our legislature, in § 26-18-7(c), Ala. Code 1975, has prescribed a time period that it deemed sufficient to warrant the termination of a parent’s parental rights on the basis of abandonment. Particularly, that section states:
“(c) In any case where the parents have abandoned a child and such abandonment continues for a period of four months next preceding the filing of the petition, such facts shall constitute a re-buttable presumption that the parents are unable or unwilling to act as parents. Nothing in this subsection is intended to prevent the filing of a petition in an abandonment case prior to the end of the four-month period.”
§ 26-18-7(c) (emphasis added). Thus, our legislature has deemed that a parent’s abandonment or, as that term is defined, a parent’s
“voluntary and intentional relinquishment of the custody of a child ..., or [a parent’s] withholding from the child, without good cause or excuse, ... of his presence, care, love, protection, maintenance or the opportunity for the display of filial affection, or the failure to claim the rights of a parent, or failure to perform the duties of a parent,”
§ 26-18-3, Ala.Code 1975 (emphasis added), for a period of four months creates a presumption, albeit rebuttable, that that parent is unable to discharge his or her responsibilities as a parent. Accordingly, when a parent abandons a child for four months, grounds exist to terminate that parent’s parental rights.[3]
*404 After a party presents evidence indicating that grounds exist to terminate a parent’s parental rights as codified by our legislature, and that evidence is presented in accordance with the standard of review that passes constitutional muster, i.e., the clear-and-convincing-evidence standard, courts must seek to achieve a result that is in the best interest of the child. The child’s best interest is the polestar in such proceedings, and consideration of the child’s best interest is paramount. See Ex parte J.R., 896 So.2d at 423; A.A. v. Cleburne County Dep’t of Human Res., 912 So.2d at 264.
In the case now before us, the juvenile court found that the mother had abandoned the children. The mother does not dispute that determination on appeal. Furthermore, the evidence is undisputed that the mother has had no contact with the children since June 2001. The father petitioned to terminate the mother’s parental rights in November 2005. The time of the mother’s absence from the children’s lives is substantially longer than the amount of time the legislature has deemed to be sufficient to indicate a parent’s unwillingness to carry out his or her parental responsibilities.
Our supreme court, as well as this court, has stated that termination of parental rights must be predicated upon evidence of “ ‘current conditions or conduct relating to a parent’s inability or unwillingness to care for his or her children.’ ” Ex parte T.V., 971 So.2d 1, 5 (Ala.2007) (quoting D.O. v. Calhoun County Dep’t of Human Res., 859 So.2d 439, 444 (Ala.Civ.App.2003)). Although the mother is to be commended for her efforts in rehabilitating herself, nothing can negate the fact that substantial time, i.e., more than four years, has passed while the children remained without their biological mother.
I note the comments of Justice Stuart in her dissent in T.V. She states:
“The ‘best interest of the child’ is always of paramount importance in cases involving child custody and the termination of parental rights. In making such a determination, the court or the agency determining the best interest of the child must give great weight to the stability, security, and permanency of the relationship between the child and the child’s caregiver ....
[[Image here]]
“The juvenile court recognized that stability, security, and permanency are in the best interests of all children ...; this Court should likewise recognize the importance of stability, security, and permanency in determining what is in the best interest of children .... ”
Ex parte T.V., 971 So.2d at 11-12 (Stuart, J., dissenting) (emphasis added).
In my opinion, the mother abandoned the children when she failed to provide the children with “stability, security, and permanency.” Her recent change did nothing to promote the “stability, security, and permanency” of the children for a period of over four years when she was either unable or elected not to care for them, or visit with them. There comes a point in time when change by a troubled parent is too little, too late. The case now before us is a perfect example of such an instance.
THOMAS, J., concurs.

. Alabama has adopted the Adoption and Safe Families Act (“the ASFA”), codified at 42 U.S.C. § 671 and § 675. Under the ASFA as codified in various provisions in Chapter 18 of Title 26 of our Code, the Department of Human Resources, given certain conditions, must petition to terminate a parent’s parental rights when a child has been in foster care for 15 of the most recent 22 months. § 26-18-6(b), Ala.Code 1975. The purpose of imposing a time restriction was to shorten the amount of time children would remain in foster care. See Katherine A. Hort, Is Twenty-Two Months Beyond the Best Interest of the Child? ASFA’s Guidelines for the Termination *404 of Parental Rights, 28 Fordham Urb. L.J. 1879 (2001).