MOORE, Judge.
KS.B. (“the father”) appeals- from a judgment entered by the Cherokee Juvenile Court (“the juvenile court”), terminating his parental rights to B.K.J. (“the child”), whose date of birth is October 31, 2013. We affirm the juvenile court’s judgment.
Procedural History
On November 13, 2015, M.C.B. (“the mother”) filed a petition to terminate the parental rights of the father to the child. The mother alleged, in pertinent part:
“3. The parents were divorced by Order of the Circuit Court of Cherokee County, Alabama, on September 4, 2014. The mother was granted full custody of the child, and the father was granted visitation.
“4. The father has not visited with the child at all since the divorce. In fact, the father last saw the child in April 2014.
“5. The father has been unable and unwilling to act as a parent for the minor child.
“6. The conduct or condition of the father renders him unable to properly care for the child and said conduct or condition is unlikely to change in the foreseeable future.
“7. The father suffers from emotional illness, mental illness, mental' deficiency and/or excessive use of alcohol or controlled substances to such a duration or nature as to render said parent unable to care for the needs of the child.”
After a trial on May 4, 2016, the juvenile court entered a judgment on May 11, 2016, finding that the allegations in the petition had been proven and terminating the father’s parental rights to the child.. On May 12, 2016, the father filed his notice of appeal.
In the present case, the evidence indicated that the parties were divorced by a judgment of the Cherokee Circuit Court on September 14, 2014. The divorce judgment, which incorporated an agreement of the parties, provided that the father would exercise visitation with the child as agreed upon by the parties. It is undisputed that, at the time of the May 2016 trial, the father had not seen the child in approximately two years. The mother testified that the last time the father had seen the child was in April 2014, and the father testified that the last time he had seen the child was in August 2014. The mother also testified that the father had not asked to visit the child; the father, on the other hand, claimed that he had asked to visit the child numerous times and that his requests had been denied. He claimed that he had not' contacted an attorney to enforce his visitation rights because he had been afraid of being arrested on outstanding criminal charges.
The father testified that he had been employed for some period since December 2015 but that he had paid no support for the benefit of the child. The mother testified that the father had abused synthetic marijuana during their marriage and that, the last time the father had visited the child, he had appeared to be under the influence of that drug, specifically, stumbling and slurring his speech. The evidence *653 indicated that the father had been in and out of jail during the two years preceding the trial, and, at the time of the trial, the father was incarcerated. The father testified that he had been incarcerated on two occasions for possession of drugs and on two additional occasions for having failed to comply with drug-court orders. He testified that he had not used drugs since August 2015, but he had only been out of jail for six months between August 2015 and the time of the trial.
Standard of Review .
A juvenile court’s judgment terminating a parent’s parental rights must be supported by clear and convincing evidence, which is “‘“[ejvidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.”’” C.O. v. Jefferson Cty. Dep’t of Human Res., 206 So.3d 621, 627 (Ala.Civ.App.2016) (quoting L.M. v. D.D.F., 840 So.2d 171, 179 (Ala.Civ.App.2002), quoting in turn Ala. Code 1975, § 6-11-20(b)(4)).
“ ‘[T]he evidence necessary for appellate affirmance of a judgment based on a factual finding in the context of a ease in which the ultimate standard for a factual decision by the trial court is clear and convincing evidence is evidence that a fact-finder reasonably could find to clearly and convincingly ... establish the fact sought to be proved.’
“KGS Steel[, Inc. v. McInish,] 47 So.3d [749] at 761 [ (Ala.Civ.App.2006) ].
“To analogize the test set out ... by Judge Prettyman [in Curley v. United States, 160 F.2d 229, 232-33 (D.C.Cir. 1947),] for trial courts ruling on motions for a summary judgment in civil cases to which a clear-and-convincing-evidence standard of proof applies, ‘the judge must view the evidence presented through the prism of the substantive evidentiary burden’; thus, the appellate court must also look through a prism to determine whether there was substantial evidence before the trial court to support a factual finding, based upon the trial court’s weighing of the evidence, that would ‘produce in the mind [of the trial court] a firm conviction as to each element of the claim and a high probability as to the correctness of the conclusion.’ ”
Ex parte McInish, 47 So.3d 767, 778 (Ala.2008). This court does not reweigh the evidence but, rather, determines whether the findings of fact made by the juvenile court are supported by evidence that the juvenile court could have found to be clear and convincing. See Ex parte T.V., 971 So.2d 1, 9 (Ala.2007). When those findings rest on ore tenus evidence, this court presumes their correctness. Id. We review the legal conclusions to be drawn from the evidence without a presumption of correctness. J.W. v. C.B., 68 So.3d 878, 879 (Ala.Civ.App.2011).
Discussion
On appeal, the father argues that there was not clear and convincing evidence of grounds to terminate his parental rights.
Section 12-15-319, Ala. Code 1975, provides, in pertinent part:
“(a) If the juvenile court finds from clear and convincing evidence, competent, material, and relevant in nature, that the parent[ ] of a child [is] unable or unwilling to discharge [his or her] responsibilities to and for the child, or that the conduct or condition of the parent[ ] renders [him or her] unable to properly care for the child and that the conduct *654 or condition is unlikely to change in the foreseeable future,' it may terminate the parental rights of the parent[ ]. In determining whether or not the parent[ ] [is] unable or unwilling to discharge [his or her] responsibilities to and for the child and to terminate the parental rights, the juvenile court shall consider the following factors including, but not limited to, the following:
“(1) That the parent[] ha[s] abandoned the child, provided that in these cases, proof shall1 not be required' of reasonable efforts to prevent removal or reunite the child with the parent[ ].
“(2) Emotional illness, mental illness, or mental deficiency of the parent, or excessive use of alcohol or controlled substances, of a duration or nature as to render the parent unable to care for needs of the child.
“(9) Failure by the parent!'] to provide for the material needs of the child or to pay a reasonable portion of support of the child, where the parent is able to do so.
“(11) Failure by the parent! ] to maintain consistent contact or communication with the child.
“(b) A rebuttable- presumption that the parent[ ] [is] unable or unwilling to act as [a] parent[] exists in any case .where the parent[] ha[s] abandoned a child and this abandonment continues for a period of four months next preceding the filing of the petition..Nothing in this subsection is intended to prevent the filing of a petition in an abandonment case prior to the end of the four-month period.”
See B.H. v. M.F.J., 197 So.3d 997, 1000-02 (Ala.Civ.App.2015).
Abandonment is defined as:
“A voluntary and intentional relinquishment of the custody of a child py a parent, or a withholding from the child, without good cause or excuse, by the parent, of his or her presence, care, love, protection, maintenance, or the opportunity for the display of filial affection, or the failure to claim the rights of a parent, or failure to perform the duties of a parent.”
Ala. Code 1975, § 12-15-301(1).
Based on the evidence indicating that the father had failed to visit the child in the approximately two years preceding the trial, the juvenile court could have concluded that the father had abandoned the child, see § 12-15-301(1), that that abandonment had continued for at least four months preceding the filing' of the petition to terminate the father’s parental rights, see § 12—15—319(b), so as to establish a presumption that the father was “unable or unwilling to act as [a] parent! ],” id, and that the father had' failed to rebut that presumption. Although the father testified that the mother had thwarted his attempts to visit the child, the juvenile court, as the trier of fact, could have believed the mother’s testimony and disbelieved the father’s testimony on that point. C.O., 206 So.3d at 626-27. We also note that the same evidence regarding the father’s failure to visit also established that the father had failed to maintain consistent communication with the child. See § 12-15-319(a)(ll).
The father also argues that the juvenile court exceeded its discretion in finding that the father had failed to support the child despite having had the ability to do so, that the father has a mental illness or deficiency, and that the father was, us *655 ing controlled substances at the time of the trial. See § 12-15~319(a)(2) & (9). We note, however, that the juvenile court did not find that the father has a mental illness or deficiency and that he was using controlled substances. Instead, the juvenile court found that the allegations of the mother’s petition had been proven—those .allegations stated that “the father suffers from emotional illness, mental illness, mental deficiency and/or. excessive use of alcohol or controlled substances [of] such a duration or nature as to render [the father] unable to care for the needs of the child.” (Emphasis added.) Furthermore, with regard to those implicit findings, we note that, even if there was insufficient evidence presented to support those findings, any error was harmless in light of the “remainder of the evidence supporting termination of the [father’s] parental rights,” specifically, the evidence of abandonment and lack of consistent communication with the child. B.H., 197 So.3d at 1002.
The father also argues.that the juvenile .court erred in terminating his parental rights because, he says, there existed a viable alternative to termination of his parental rights. We note, however, that “the [father], by abandoning., [his]. child, ‘lost any due-process rights that would have required, the juvenile court to explore other alternatives before terminating [his] parental rights.’ ” L.L. v. J.W., 195 So.3d 269, 274 (Ala.Civ.App.2015) (quoting C.C. v. L.J., 176 So.3d 208, 216 (Ala.Civ.App.2015)). Therefore, we reject the father’s argument on this point.
Conclusion
Based on the foregoing, we affirm the juvenile court’s judgment,
' AFFIRMED.
Pittman, Thomas, and Donaldson, JJ., concur.
Thompson, P.J., concurs in the result, without writing.