REL:  January 6, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

––––––––––––––––––––––––––

### CL-2022-0846

––––––––––––––––––––––––––

### J.M.S.

### v.

### B.M.H.

### Appeal from Autauga Juvenile Court
### (JU-22-36.01)

EDWARDS, Judge.

In February 2022, B.M.H. ("the custodian") filed in the Autauga Juvenile Court ("the juvenile court") a petition seeking to terminate the parental rights of J.M.S. ("the mother") to her child, A.H.G. ("the child"). On April 21, 2022, the custodian filed a motion seeking to have the

mother served by publication. The juvenile court granted that motion the same day it was filed. After a trial held on June 16, 2022, the juvenile court entered a judgment terminating the mother's parental rights.[1] The mother, on July 13, 2022, filed an affidavit of substantial hardship; the juvenile court appointed counsel for her on that same date. On July 15, 2022, the mother, through her newly appointed counsel, filed a timely notice of appeal from the judgment.

On appeal, the mother first argues that the juvenile court's authorization of service by publication was not proper pursuant to Ala. Code 1975, § 12-15-318. Although the mother's argument appears to have merit, we are precluded from considering that argument because the mother never made that argument to the juvenile court. "This court cannot consider arguments raised for the first time on appeal. Our review is restricted to the evidence and the arguments considered by the trial court." S.K. v. Madison Cnty. Dep't of Hum. Res., 990 So. 2d 887, 895 (Ala. Civ. App. 2008) (citing Andrews v. Merritt Oil Co., 612 So. 2d 409,

---

[1]The judgment also terminated the parental rights of the child's biological father, whose identity was unknown and who was also served by publication.

2

410 (Ala. 1992), and <u>Abbott v. Hurst</u>, 643 So. 2d 589 (Ala. 1994)).

The mother's brief combines her second and third arguments, which are that the juvenile court lacked evidence of the statutory grounds to terminate the mother's parental rights and evidence supporting the conclusion that no viable alternative to the termination of the mother's parental rights existed. The only evidence in this case was provided by the testimony of the custodian, which spans three pages in the six-page transcript. No documentary evidence was admitted.

The custodian testified that the child was her cousin and that the child had been in her custody since June 10, 2021, after "she was removed from the [mother]." According to the custodian, the child was born with drugs in her system, and, to her knowledge, the mother continued to engage in drug use. The custodian said that the mother had nine other children, all but one of whom had been in the custody of the Department of Human Resources; the custodian testified that she had adopted the ninth child in a contested proceeding. In fact, the custodian testified that the mother was "not allowed to have any kids in this state."

When asked if the mother had developed a meaningful relationship with the child, the custodian said "no." When asked if the mother had provided support for the child, the custodian answered "no." The custodian testified that the last contact she had had with the mother was on April 30, 2022. She then said that the last time she had seen the mother was April 23, 2022.

The termination of parental rights is governed by Ala. Code 1975, § 12-15-319. That statute reads, in part:

> "(a) If the juvenile court finds from clear and convincing evidence, competent, material, and relevant in nature, that the parent[] of a child [is] unable or unwilling to discharge [his or her] responsibilities to and for the child, or that the conduct or condition of the parent[] renders [him or her] unable to properly care for the child and that the conduct or condition is unlikely to change in the foreseeable future, it may terminate the parental rights of the parent[]. In a hearing on a petition for termination of parental rights, the court shall consider the best interests of the child. In determining whether or not the parent[] [is] unable or unwilling to discharge [his or her] responsibilities to and for the child and to terminate the parental rights, the juvenile court shall consider the following factors including, but not limited to, the following:

> > "(1) That the parent[] ha[s] abandoned the child, provided that in these cases, proof shall not be required of reasonable efforts to prevent removal or reunite the child with the parent[].

4

"(2) Emotional illness, mental illness, or mental deficiency of the parent, or excessive use of alcohol or controlled substances, of a duration or nature as to render the parent unable to care for the needs of the child.

"(3) That the parent has tortured, abused, cruelly beaten, or otherwise maltreated the child, or attempted to torture, abuse, cruelly beat, or otherwise maltreat the child, or the child is in clear and present danger of being tortured, abused, cruelly beaten, or otherwise maltreated as evidenced by the treatment of a sibling.

"….

"(7) That reasonable efforts by the Department of Human Resources or licensed public or private child care agencies leading toward the rehabilitation of the parents have failed.

"(8) That parental rights to a sibling of the child have been involuntarily terminated.

"(9) Failure by the parent[] to provide for the material needs of the child or to pay a reasonable portion of support of the child where the parent is able to do so.

"(10) Failure by the parent[] to maintain regular visits with the child in accordance with a plan devised by the Department of Human Resources, or any public or licensed private child care agency, and agreed to by the parent.

5

"(11) Failure by the parent[] to maintain consistent contact or communication with the child.

"(12) Lack of effort by the parent to adjust his or her circumstances to meet the needs of the child in accordance with agreements reached, including agreements reached with local departments of human resources or licensed child-placing agencies, in an administrative review or a judicial review.

"(13) The existence of any significant emotional ties that have developed between the child and his or her current foster parent or parents, with additional consideration given to the following factors:

"a. The length of time that the child has lived in a stable and satisfactory environment.

"b. Whether severing the ties between the child and his or her current foster parent or parents is contrary to the best interest of the child.

"c. Whether the juvenile court has found at least one other ground for termination of parental rights."

The test a juvenile court must apply in a termination-of-parental-rights action is well settled:

6

"A juvenile court is required to apply a two-pronged test in determining whether to terminate parental rights: (1) clear and convincing evidence must support a finding that the child is dependent; and (2) the court must properly consider and reject all viable alternatives to a termination of parental rights. Ex parte Beasley, 564 So. 2d 950, 954 (Ala. 1990)."

B.M. v. State, 895 So. 2d 319, 331 (Ala. Civ. App. 2004). A juvenile court's judgment terminating parental rights must be supported by clear and convincing evidence. P.S. v. Jefferson Cnty. Dep't of Hum. Res., 143 So. 3d 792, 795 (Ala. Civ. App. 2013). "Clear and convincing evidence" is "'[e]vidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.'" L.M. v. D.D.F., 840 So. 2d 171, 179 (Ala. Civ. App. 2002) (quoting Ala. Code 1975, § 6-11-20(b)(4)). Although a juvenile court's factual findings in a judgment terminating parental rights based on evidence presented ore tenus are presumed correct, K.P. v. Etowah Cnty. Dep't of Hum. Res., 43 So. 3d 602, 605 (Ala. Civ. App. 2010), "[t]his court does not reweigh the evidence but, rather, determines whether the findings of fact made by the juvenile court are supported by evidence that

7

the juvenile court could have found to be clear and convincing." K.S.B. v.

M.C.B., 219 So. 3d 650, 653 (Ala. Civ. App. 2016).  That is, this court

> "'must ... look through ["the prism of the substantive evidentiary burden," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986),] to determine whether there was substantial evidence before the trial court to support a factual finding, based upon the trial court's weighing of the evidence, that would "produce in the mind [of the trial court] a firm conviction as to each element of the claim and a high probability as to the correctness of the conclusion."'"

K.S.B., 219 So. 3d at 653 (quoting Ex parte McInish, 47 So. 3d 767, 778

(Ala. 2008), quoting in turn Ala. Code 1975, § 25-5-81(c)).

The juvenile court made the following specific findings in its

judgment terminating the mother's parental rights: that the mother had

failed to maintain consistent contact or communication with the child;

that the mother has made no effort to establish a meaningful relationship

with the child; that the mother had failed to visit the child, despite the

fact that she was permitted to have supervised visitation with the child

under a previous court order; and that the mother had not provided for

the material needs of the child or paid a reasonable portion of support of

the child.  Those findings are not clearly and convincingly supported by

the meager testimony provided by the custodian.

The record contains no evidence indicating that the mother had missed visitation with the child to which she was entitled, that the mother had failed to contact or communicate with the child (outside of the inference that might have been raised by the testimony that she had last seen the custodian, and presumably the child, in April 2022, only two months before the trial), or that the mother was able to pay any amount for the support of the child. Although the custodian testified that the child was born with drugs in her system and indicated that the mother continued to use drugs, the evidence does not indicate the extent of the mother's drug use, what drug the mother used, or how the mother's drug use impacted her ability or willingness to properly care for the child. See A.M. v. R.S., [Ms. 2210428, Sept. 23, 2022] ___So.3d ___ ,___ (Ala. Civ. App. 2022) (explaining that "a party seeking to terminate the parental rights of a parent based on that parent's drug use must establish that the parent's use of drugs impacts the parent's ability to perform the duties of a parent"); J.C. v. Madison Cnty. Dep't of Hum. Res., 293 So. 3d 901, 909 (Ala. Civ. App. 2019) (reversing a judgment terminating parental rights because the Department of Human Resources "failed to present evidence

indicating that the mother's drug use had resulted in her inability or unwillingness to properly parent the child, and, thus, the record contain[ed] no proof that, in fact, her drug use render[ed] her incapable of caring for the child and therefore that her condition should serve as a ground for termination of her parental rights").

We find the following statements from L.M.W. v. D.J., 116 So. 3d 220, 225-26 (Ala. Civ. App. 2012), particularly apt:

> "'The right to parent one's child is a fundamental right, and the termination of that right should occur "'only in the most egregious of circumstances.'"' K.W. v. J.G., 856 So. 2d 859, 874 (Ala. Civ. App. 2003) (quoting L.M. v. D.D.F., 840 So. 2d 171, 172 (Ala. Civ. App. 2002), quoting in turn Ex parte Beasley, 564 So. 2d [950,] 952 [(Ala. 1990)]). Based on our review of the record, we cannot say that the [custodian has] established by clear and convincing evidence that the evidence in support of [her] petition in this case rises '"to the level of being so clear and convincing as to support termination of the parental rights of the mother, such action being the last and most extreme disposition permitted by statute."' V.M. v. State Dep't of Human Res., 710 So. 2d 915, 921 (Ala. Civ. App. 1998) (quoting East v. Meadows, 529 So. 2d 1010, 1012 (Ala. Civ. App. 1988))."

We therefore reverse the judgment of the juvenile court terminating the parental rights of the mother, and we remand the cause for further proceedings consistent with this opinion.[2]

REVERSED AND REMANDED.

Thompson, P.J., and Moore, Hanson, and Fridy, JJ., concur.

---

[2]Because we have concluded that the evidence does not support the juvenile court's factual findings regarding the factors set out in § 12-15-319, we decline to address the mother's separate argument relating to the existence of a viable alternative to termination of her parental rights. See L.M.W. v. D.J., 116 So. 3d 220, 223 (Ala. Civ. App. 2012) (indicating that this court may pretermit consideration of other issues raised on appeal when our resolution of one issue is dispositive of the appeal). We note, however, that the juvenile court did not address viable alternatives in its judgment.